# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT IBARRA, | )Case No. CV 15-8772-DMG (JPR) |
|               Petitioner, | ) |
| | )ORDER ACCEPTING FINDINGS AND |
|        v. | )RECOMMENDATIONS OF U.S. |
| | )MAGISTRATE JUDGE |
| W.L. MONTGOMERY, Warden, | ) |
| | ) |
|          Respondent. | ) |
| | ) |
| | ) |

     Pursuant to 28 U.S.C. § 636, the Court has reviewed *de novo* the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge.  On April 27, 2017, Petitioner filed Objections to the R. & R.  He raises two objections, both based on his argument that the Magistrate Judge erred in stating that (1) the trial court found Miracle's statements "untrustworthy" and not "significantly" against his penal interest and (2) the statements were made after Miracle was sentenced to death. (Objs. at 3.)  Petitioner attached portions of the Reporter's Transcript to support his claims.

     Contrary to Petitioner's assertion, the trial court clearly found that Miracle's statements — to the effect that he was the only person responsible for the murder and that Petitioner was innocent — were untrustworthy and not significantly against his

penal interest.  (See, e.g., Lodged Doc. 2, 6 Rep.'s Tr. at 1609-10 ("It seems to me that they lack the required findings that has to be made by a court that they're trustworthy."), 1610-11 ("Mr. Miracle has a relationship with [Petitioner]," "none of the statements that the defense is seeking to introduce that are exculpatory of [Petitioner] are at the same time incriminating against Mr. Miracle," and "they're not significantly against his penal interest," which "goes to the question of whether they should be considered trustworthy"), 1612-13 ("So, it doesn't seem to me that the circumstances under which these statements are made indicate trustworthiness, to the contrary . . . the circumstances just don't seem to qualify as trustworthy declarations against penal interest."), 1613 ("it seems to me that they lack trustworthiness and I'm not going to admit them"), 1615 ("But the circumstances under which the hearsay version by Mr. Miracle are given clearly suggest to the Court that they're not trustworthy."), 1616 ("I don't consider them trustworthy."), 7 Rep.'s Tr. at 1748 ("It seems like the totality of the circumstances suggests that the statements are untrustworthy, and I'm going to exclude them.").)[1]

The portion of the transcript cited by Petitioner to support his claim that the trial court found certain of Miracle's statements trustworthy (see Objs. at 3-6) is in fact a discussion

---

[1] Petitioner suggests that the trial court was referring to different statements, apparently made to "Miracle's stepmother." (See Objs. at 8.)  But the portions of the trial transcript referred to at the cited pages of the R. & R. (see 6 Rep.'s Tr. at 1611, 1615) clearly refer to the statements made by Miracle to the court and in response to Petitioner's trial counsel's questions.

of whether to admit "the fact of [Miracle's] conviction" and his "admission of guilt." (See Lodged Doc. 2, 7 Rep.'s Tr. at 1749-53.) Indeed, the trial court begins that discussion by reiterating that the statements made by Miracle in an "attempt to exculpate" Petitioner "are untrustworthy" and would not be admitted. (Id. at 1748.) The discussion then continues in relation to the admissibility of the fact of Miracle's conviction. (Id. at 1749.) The trial court found that "trustworthiness is not an issue" as to Miracle's guilty plea, not his statements exculpating Petitioner. (Id. at 1750.) The trial court stressed that the issue under discussion in the pages cited by Petitioner was "a narrow one . . . the fact of the conviction, admission of guilt in the murder." (Id. at 1752.)

Petitioner also suggests that the Magistrate Judge found that "the statements were made after Miracle was sentenced to death," which was somehow in error. (Objs. at 3.) As the Magistrate Judge correctly noted, however, some of Miracle's statements were made before he was sentenced and some were made after. (See R. & R. at 27-28.) In both cases, the statements were untrustworthy. (Id.)

Petitioner asserts that the Magistrate Judge erred in relying "on the fact that Joshua Miracle was not facing criminal liability" when he made his pre-penalty-phase statements. (Objs. at 6.) Petitioner argues that a jury could consider "that the defendant acted alone" as a "circumstance of the crime to determin[e] the death penalty," citing California Penal Code section 190.3. (Id.) But it was not the trial court or the Magistrate Judge who suggested that Miracle's statements were

3

intended to "gain favor from the jury" in his sentencing; it was Miracle himself.  (See Lodged Doc. 1, 4 Clerk's Tr. at 996-97 ("I'd like the Court [to] give thought to the possibility that the jury could very well decide not to impose the death sentence . . . in recognition of the fact that I chose not to make any excuses for my action and was willing to accept the consequences unconditionally.").)  Indeed, one of the trial court's reasons for finding Miracle's pre-penalty-phase statements untrustworthy, which the Magistrate Judge found not objectively unreasonable, was that Miracle had the time and motivation to carefully prepare them and that they were intended, at least in part, to assist Petitioner, and possibly Miracle himself.  (See R. & R. at 27-28.)

    Having reviewed *de novo* those portions of the R&R to which objections were filed, the Court accepts the findings and recommendations of the Magistrate Judge.  IT THEREFORE IS ORDERED that the Petition is denied, Petitioner's motion for a stay is denied, and Judgment be entered dismissing this action with prejudice.

DATED: September 21, 2017

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE